## REGULATIONS FOR THE SALE OF MILK AT RETAIL.

Circuit Court of Cuyahoga County.

FREDERICK H. STAAS V. STATE OF OHIO. *

Decided, November 4, 1908.

*Constitutional Law—Measures for Protection of the Public Health—Sections 1536-730 and 1536-731, Revised Statutes.*

1. An ordinance forbidding the sale of milk at retail unless contained in sealed glass bottles is not unreasonable in its general operation, and a conviction of violating such an ordinance will not be set aside on the ground that some other regulation might better serve the public welfare.

2. Nor is authority to pass such an ordinance an unwarranted delegation of legislative power.

*L. Z. Tanney,* for plaintiff in error.
*Sylvester V. McMahon,* contra.

HENRY, J.; MARVIN, J., concurs; WINCH, J., not sitting.

Error to common pleas court.

Plaintiff in error was convicted under Sections 2118 and 2119, Revised Statutes (General Code, 4413, 4414), of violating a regulation of the board of health of the city of Cleveland forbidding the sale of milk at retail except in sealed glass bottles.

The grounds for reversal relied upon are, that the regulation is unreasonable and therefore void, and secondly, that it exists only as the result of an unwarranted delegation by the General Assembly of its legislative power, contrary to Article II, Section 26, of the Constitution of Ohio.

Upon the first point we are asked to infer from the evidence in the bill of exceptions that other means providing for the public health and welfare of the inhabitants of this city in the matter of the sale of milk at retail are better suited to that end than the regulation in question; that glazed paper bottles, destroyed when once used, are in vogue in other cities and are

---

ᵏ Affirmed without opinion, *Staas* v. *State,* 81 Ohio St., 497.

sanitary, whereas bottles used again and again are apt to disseminate impurity and disease. It is also argued from the evidence that it is useless, unduly expensive and merely arbitrary that bottles be required rather than any other convenient receptacle, that they be made of glass rather than of any other convenient material, and that they be sealed, even when delivery is made at a milk depot to· the purchaser personally, in his own receptacle and for immediate use.

We recite the argument at length without deeming it necessary to refute it in detail further than to say that the regulation seems to us to be entirely reasonable. We can not say but that bottles are, all things considered, the most convenient kind of a receptacle, and, for the sake of uniformity and the proper enforcement of the law, reasonably necessary. The transparency of the glass is a reason for requiring that material. Sealing aids in the prevention of the contamination of the milk by dirt or other impurities. Nor is it necessary that we should be convinced that the regulation is the best and wisest possible. It must be shown to be affirmatively unreasonable, not in extreme cases, but in its general operation, to warrant us in setting it aside.

Neither can we agree that it is incompetent for the 'Legislature to empower municipal health boards to make such regulations, the violation whereof is penalized by general statute. By Article XIII, Section 6, the General Assembly is specially enjoined to provide for the organization of cities and incorporated villages; and it has been again and again adjudged that municipal ordinances and by-laws enacted or ordained, pursuant to general law, by councils or other constituted representatives of the inhabitants of such municipalities or other public corporations and *quasi*-corporations, whether elective or appointive, imply no unconstitutional delegation of the state's legislative power. *Markle* v. *Town Council of Akron,* 14 Ohio, 591; *Perry Co.* v. *Railway,* 43 Ohio St., 453; *Zanesville* v. *Richards,* 5 Ohio St., 589; *Mays* v. *Cincinnati,* 1 Ohio St., 273; *State* v. *Toledo,* 48 Ohio St., 132.

The judgment is affirmed.